YAN ZHEN ZHANG; Hong Biao Chen, Petitioners

v.

ATTORNEY GENERAL OF the UNITED STATES, Respondent.

No. 09–1508.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 5, 2010.

Opinion filed: Jan. 7, 2010.

Fengling Liu, Esq., New York, NY, for Petitioners.

Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Sada Manickam, Esq., United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: Chief Judge SCIRICA, SMITH and WEIS, Circuit Judges.

OPINION

PER CURIAM.

Petitioners Yan Zhen Zhang and Hong Biao Chen (collectively, "Petitioners"), a married couple from China, seek review of a final order of removal. Zhang, as the lead petitioner, claims that she suffered past persecution at the hands of government officials through their enforcement of China's coercive family planning policy. She fears future persecution if removed to China based on her giving birth to a second child while in the United States. Because the Immigration Judge's ("IJ") adverse credibility determination is supported by substantial evidence, and because Zhang has failed to brief any issue other than her purported eligibility for asylum, we will deny the petition for review.

I.

Petitioners arrived in the United States sometime in 2005 at an unknown point of entry. In October of that year, Zhang filed an application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] One

---

1. Chen applied as a derivative rider. His eligibility for asylum is therefore predicated on Zhang's claims.

month later, Petitioners were served with a Notice to Appear. After an evidentiary hearing, the IJ concluded that Zhang had failed to establish eligibility for any of the aforementioned forms of relief, as her testimony was not credible and there were no allegations of past or prospective torture.

The BIA dismissed Zhang's appeal. It concluded that the IJ's adverse credibility determination was not clearly erroneous, and that the IJ properly considered the following inconsistencies and omissions to support that determination: (1) Zhang's asylum application did not mention the alleged IUD removal and reinsertion in 1997; (2) the letter from Zhang's father failed to mention that she was hiding in his home in May 1994, as alleged; (3) the letter from Chen's mother failed to mention visits from family planning officials in May 1994; and (4) the dates put forth by Zhang and Chen about when Zhang had her IUD removed differed by more than a year's time. The BIA alternatively determined that with respect to Zhang's "claim of future persecution based on the birth of her son in the United States ..., the record does not support [her] apparent claim that parents of foreign-born children would face sanctions amounting to persecution upon their return to China." The BIA also determined that Zhang had failed to "raise any arguments on appeal challenging the [IJ's] denial of protection under the Convention Against Torture." Zhang appealed.

## II.

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). *See Abdulai v. Ashcroft,* 239 F.3d 542, 547 (3d Cir.2001). "[W]hen the BIA adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and BIA." *Chen v. Ashcroft,* 376 F.3d 215, 222 (3d Cir.2004). We review adverse credibility determina-

tions for substantial evidence. *See Gao v. Ashcroft,* 299 F.3d 266, 272 (3d Cir.2002). Because Zhang filed her asylum application after the enactment of the REAL ID Act, the inconsistencies, inaccuracies, or falsehoods upon which the adverse credibility finding is based need not go the heart of her claim. *See Lin v. Att'y Gen.,* 543 F.3d 114, 119 n. 5 (3d Cir.2008). Rather, the REAL ID Act permits credibility determinations to be based on observations of Zhang's demeanor, the plausibility of her story, and on the consistency of her statements. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Gabuniya v. Att'y Gen.,* 463 F.3d 316, 322 n. 7 (3d Cir.2006).

## III.

We conclude that substantial evidence supports the IJ's adverse credibility determination. Specifically, the inconsistencies with regard to Zhang's asylum application, the letter from Zhang's father, the letter from Chen's mother, and Zhang's and Chen's testimony, are supported by the record, and were even conceded by Zhang on appeal to the BIA. (AR 18–19.) Under the REAL ID Act, these inconsistencies justify the adverse credibility determination. Thus, Petitioners are ineligible for asylum and withholding of removal.

Zhang argues in her brief that "the omissions the IJ found did not go to the heart of petitioner's claim," and also that "it is unfair to require the petitioner and her witnesses to include every single detail in their written statements." (Pet. Br. at 14.) Her first point highlights her misunderstanding of the law. As described above, after the passage of the REAL ID Act, an IJ may base her adverse credibility determination on inconsistencies and omissions that do not concern the heart of an asylum-seeker's claim. *See Lin,* 543 F.3d at 119 n. 5. Zhang's second point is disingenuous. The IJ did not require Zhang and her witnesses to furnish "every single detail" related to her claim; the IJ merely

sought specific information about the most salient events in Zhang's testimony that supported her claim (i.e., the forced abortions, the IUD insertions, and the visits from family planning officials). The IJ's inquiry was not only reasonable but also permissible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (IJ considers "the totality of the circumstances, and all relevant factors" in making an adverse credibility determination). As a result, we are unable to say that "no reasonable factfinder could conclude as [she] did" in finding that Zhang was not credible. *Kayembe v. Ashcroft*, 334 F.3d 231, 234 (3d Cir.2003).

On appeal to the BIA, Zhang did not challenge the IJ's determination that she was ineligible for relief under the CAT. Nor does she do so here. As we have stated many times, an appellant's failure to raise an issue in her opening brief effectively waives our consideration of that issue. *See Chen v. Ashcroft*, 381 F.3d 221, 235 (3d Cir.2004).

Accordingly, we will deny the petition for review.